UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:  Case No.: 20-11783-PGH
Chapter 13

DIANE P. RAMLAL,

    Debtor.
_____/

**JONATHAN WHITE AS TRUSTEE OF THE JONATHAN WHITE
REVOCABLE TRUST U/T/D SEPTEMBER 25, 1992'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(1) AND (2)**

JONATHAN WHITE AS TRUSTEE OF THE JONATHAN WHITE REVOCABLE TRUST U/T/D SEPTEMBER 25, 1992 (the "Movant"), by and through the undersigned counsel, hereby requests entry of an order terminating the automatic stay[1] to allow Movant to proceed with a foreclosure sale of real property under 11 U.S.C. §362(d)(1) and (2) in the above-captioned bankruptcy case, filed by Diane P. Ramlal (the "Debtor"), with respect to the real property located at 3200 SW 47th Avenue, West Park, FL 33023 (the "Real Property"); and in support, states as follows:

**BACKGROUND**

1.    <u>The Real Property</u>. The Real Property is located at 3200 SW 47th Avenue, West Park, FL 33023, and is legally described as follows:

> South 15 feet of Lot 14, together with Lot 15, Less the South 30 feet thereof, Block 56, Lake Forest Section Four, according to the map or plat thereof, as recorded in Plat Book 38, Page(s) 4, of the Public Records of Broward County, Florida

---

[1] As outlined in paragraph 7 below, the automatic stay is set to automatically expire in the instant case on March 12, 2020. However, the Debtor filed a motion to extend the stay. (Doc. No. 10). Contemporaneous to the filing of the instant motion, Movant filed an objection to the Debtor's motion to extend the stay. In the event the Court extends the stay, Movant has filed the instant motion now in order to expedite the process of obtaining relief from the automatic stay.

2. <u>The Note and Balloon Mortgage</u>. On or around February 10, 2017, the Debtor executed and delivered to Jonathan White as Trustee of The Jonathan White Revocable Trust U/T/D September 25, 1992, a Promissory Note, in the original principal amount of $90,950.00 (the "Note"). The Note is secured by a balloon mortgage, memorialized in that certain Mortgage Deed, dated February 10, 2017, executed by the Debtor, and recorded on February 14, 2017, as Instrument Number 114207600, in the Public Records of Broward County, Florida (the "Mortgage"). Copies of the Note and Mortgage are attached hereto as **Composite Exhibit A**.

3. <u>Default Under the Note and Mortgage</u>. Pursuant to the terms of the Note and Mortgage, the Debtor was obligated to make monthly interest-only payments of $909.50 to Movant, at the initial rate of twelve percent (12.00%) per annum, commencing on March 10, 2017. Under the terms of the Note, the entire unpaid principal balance of the Note and all accrued and unpaid interest thereon became due on March 10, 2019 (the "Maturity Date"). The Debtor defaulted under the Note and Mortgage by failing to make the payment that became due on July 10, 2017 and all subsequent payments due thereafter prior to the Debtor's first bankruptcy case. As of December 30, 2019, the Trust owes Movant $95,088.43 for unpaid principal, interest, insurance, real estate taxes, fees, and costs. Interest continues to accrue and Movant continues to incur costs and attorney's fees as a result of the Debtor's default.

4. <u>The Foreclosure Proceeding</u>. As a result of the default by the Debtor, Movant filed a foreclosure proceeding against the Debtor in the case captioned <u>Jonathan White as Trustee of the Jonathan White Revocable Trust U/T/D September 25, 1992 V. Diane Ramlal, et. al.</u>; Case No.: CACE-17-021074, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Civil Division. A copy of the Complaint, with exhibits, is attached hereto as **Exhibit B**.

5. <u>Final Judgment of Foreclosure</u>. On January 31, 2018, Movant obtained a Final Judgment of Foreclosure against the Debtor, in the amount of $106,861.88. A copy of the Final Judgment of Foreclosure, is attached hereto as **Exhibit C**.

6. <u>Debtor's Prior Bankruptcy Case</u>. As a result of the Final Judgment of Foreclosure, the foreclosure court scheduled the initial foreclosure sale of the Real Property for March 7, 2018. In an apparent effort to stop the foreclosure sale, on March 6, 2018, the day before the scheduled foreclosure sale, the Debtor filed a petition for relief with this Court pursuant to Chapter 13 of the Bankruptcy Code in the case captioned <u>In re Diane P. Ramlal</u>; Case No.: 18-12566. However, the Debtor's first bankruptcy case was dismissed on December 11, 2019 for failure to keep plan payments current. As a result of the dismissal of the Debtor's first bankruptcy case, the foreclosure court rescheduled the foreclosure sale for March 12, 2020.

7. <u>The Instant Bankruptcy Case and Termination of the Automatic Stay</u>. On February 11, 2020 (the "Petition Date"), the Debtor filed the instant chapter 13 bankruptcy case to once again thwart and delay the foreclosure sale. The instant Bankruptcy Case is the Debtor's second chapter 13 bankruptcy case pending within the past year, and, therefore, the automatic stay is scheduled to terminate 30 days after the Petition Date, on March 12, 2020, the day of the rescheduled foreclosure sale, but for the Debtor's Motion. Debtor has filed a motion to extend the stay. (Doc. No. 10). Contemporaneous with the filing of this Motion, Movant filed an objection to the Debtor's motion to extend the stay. In the event the Court grants the Debtor's motion to extend the automatic stay, Movant hereby requests stay relief for the reasons stated herein.

8. <u>Debtor's Plan</u>. Debtor's Chapter 13 Plan (Doc. No. 9) (the "Plan") provides for monthly payments to Movant under 11 U.S.C. § 1325(a)(5), despite the following: (i) the Note and Mortgage reached maturity and accelerated prior to the Petition Date; (ii) the underlying Note and

Mortgage were entered into by the parties to finance the purchase of investment property by the Debtor, not the principal residence of the Debtor; and (iii) the proposed Plan treatment provides for total payments of arrears of $85,000.00, which is an amount less than the total amount due to Movant. Debtor is attempting to impermissibly modify and impair Movant's secured interest in the Real Property by claiming that the Real Property is her principal residence. Accordingly, Debtor's Plan is not confirmable and the filing of Debtor's instant bankruptcy case is nothing more than an attempt to thwart and delay the inevitable foreclosure sale of the Property.

9. <u>Relief Requested</u>. Movant requests entry of an order terminating the automatic stay under 11 U.S.C. §362(d)(1) and (2) to allow Movant to proceed with the foreclosure sale of the Real Property.

10. In addition to the reasons stated above, the relief requested herein is appropriate under 11 U.S.C. §362(d)(1) and (2) because: (i) Movant's interests in the Real Property are not adequately protected; and (ii) the Plan attempts to impermissibly modify Movant's secured interests in the Real Property.

11. <u>Request for Waiver of Stay Imposed by Rule 4001(a)(3)</u>. Movant asserts that sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), to allow any Order entered by this Court granting this Motion to be effective upon entry of the Order.

WHEREFORE, for all the foregoing reasons, Movant requests entry of an order terminating the automatic stay as to the Debtor and to the estate to permit Movant to obtain *in rem* relief, including to proceed with the foreclosure sale in Circuit Court; and for such further relief as this Court deems just.

**Certification as to Admission to the Southern District Bar**

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

**Certification as to Efforts To Resolve Matter Before Seeking a Hearing**

I hereby certify that if the above is a matter requiring a hearing rather than negative notice, I have attempted to resolve the disputes involved with opposing parties prior to requesting any hearing on the above Motion.

Respectfully Submitted,

*/s/ Marc Brown*
**Marc Brown, Esq**.
Attorney for Creditor Jonathan White
Marc Brown, P.A.
6400 N. Andrews Ave., Suite 510
Fort Lauderdale, FL 33309
Telephone: (954) 566-5678
Fax: (954) 566-4560
E-Mail: marc@marcbrownpa.com
Florida Bar Number: 30077

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on February 26, 2020, a true and correct copy of the foregoing Objection was: (i) electronically filed with the Clerk of the Court using the CM/ECF system with copies furnished to Chad Van Horn, Esq., 330 N. Andrews Ave., #450, Ft. Lauderdale, FL 33301; Robin R. Weiner, Trustee, P.O. Box 559007, Fort Lauderdale, FL 33355, and all parties receiving CM/ECF notices from the Court; and (ii) served by U.S. Mail, First Class to Dianne P. Ramlal, 1843 Dewey St., Apt. 128, Hollywood, FL 33020-6017.

*/s/ Marc Brown*
**Marc Brown, Esq.**
Florida Bar Number: 30077